# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 13, 2011

## REGENCY CONSTRUCTION, LTD, INC. ET AL. v. KATHY LESLIE ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 08C-3995     Joseph P. Binkley, Jr., Judge**

---

**No. M2010-01586-COA-R3-CV - Filed July 18, 2011**

---

This dispute arises from an agreement to construct a duplex in a residential area. The issue in dispute pertains to the cost of change orders that were not reduced to writing as the construction contract required. To resolve the dispute amicably, the parties entered into an agreement titled "Settlement of Disputed Amount." The defendant paid part of the agreed amount timely but failed to pay the balance of $23,000. This action followed. The trial court ruled in favor of the contractor for the balance owed pursuant to the agreement and applied an offset in favor of the defendant in the amount of $5,220.55. Defendant appealed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Jordan Mathies, Nashville, Tennessee, for the appellant, Kathy A. Leslie.

Kirk L. Clements, for the appellees, Regency Construction LTD, Inc., and Jeff Stromatt.

## OPINION

Defendant Kathy Leslie d/b/a Alpha Development Company entered into a construction contract with plaintiff Regency Construction LTD, Inc. on October 11, 2005, for the construction of a duplex housing unit. The duplex was to be built within 120 days at a cost of $122,540.55. The construction contract also provided that all change orders or amendments to the contract must be in writing and signed by all parties. Despite this requirement, it is undisputed that the parties orally agreed to numerous changes that were not reduced to writing and signed by the parties. It is not disputed that these changes resulted in additional costs; what is disputed is the amount.

The duplex was not completed within 120 days and a dispute arose between the parties regarding the costs of construction. Regency Construction contended it was owed $38,286; Ms. Leslie disagreed. To resolve the dispute, the parties entered into a "Settlement of Disputed Amount" on March 15, 2007, in which Kathy Leslie d/b/a Alpha Development agreed to pay Regency Construction $33,000.00 to settle the dispute, of which $10,000 was to be paid at the closing and $23,000 was due no later than August 1, 2007.[1] The $10,000 was paid at the closing, but the $23,000 remains unpaid.

On August 11, 2008, Regency Construction filed a civil action against Kathy Leslie d/b/a Alpha Development for breach of contract in the Davidson County General Sessions Court. The general sessions court issued a judgment against Kathy Leslie in favor of Regency Construction for $23,000. Kathy Leslie filed an appeal to the circuit court and filed a counter-claim against Regency Construction for breach of contract. Following a bench trial on March 24, 2010, the trial court awarded Regency Construction a judgment of $23,000, which was offset by a judgment in favor of Kathy Leslie in the amount of $5,220.55.[2]

Kathy Leslie d/b/a Alpha Development filed a timely appeal. She contends the trial court erred in finding that oral change orders could be made and were made to the construction contract for which she was liable. For its part, Regency contends that Ms. Leslie's appeal is frivolous.

## ANALYSIS

This appeal is before the court on the technical record only (Tenn. R. App. P. 24(a) record) as neither a transcript of the evidence pursuant to Tenn. R. App. P. 24(b) nor a Statement of the Evidence pursuant to Tenn. R. App. P. 24(c) was submitted to this court. Thus, to the extent that resolution of the issues on appeal depends on factual determinations, the lack of a transcript or Statement of the Evidence is essentially fatal to the party having the burden on appeal. *See Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992) (holding that without an appellate record containing the facts, the court must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial

---

[1] A demand note and promissory note were signed on the same day but the trial court found that they were not enforceable for reasons not germane to this appeal.

[2] She presented a second issue: she asserts that the trial court erred in finding that she waived the issue of requiring Regency to prove its additional costs because Ms. Leslie did not file a motion to compel discovery relative to those costs. The transcript of the trial court's ruling from the bench was incorporated into the order. In its verbal ruling, the trial court made a finding that Ms. Leslie had waived the issue by not filing a motion to compel discovery. In that Ms. Leslie entered into an agreement to settle the dispute as to the amount she owed Regency for the additional construction costs, we find this issue moot.

court's factual findings). It is the duty of the appellant, in this case Ms. Leslie, to prepare a record that conveys a fair, accurate and complete account of what has transpired in the trial court with respect to the issues that form the basis of the appeal. Tenn. R. App. P. 24(a); *see also State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Ct. Crim. App. 1992). "Mere statements of counsel, which are not appropriate proffers or not effectively taken as true by the parties, cannot establish what occurred in the trial court unless supported by evidence in the record." *State v. Thompson*, 832 S.W.2d 577, 579 (Tenn. Ct. Crim. App.1991).

Aside from the construction contract, the only other relevant document in the record that is material to the narrow issue on appeal is the settlement agreement the parties entered into to resolve the dispute as to the amount Ms. Leslie owed Regency Construction. It reads as follows:

Settlement of Disputed Amount
@ 1811 7th Avenue North

Dear Kathy Leslie,

*As we have discussed, this letter will reduce to writing our prior oral agreement to settle the amount owed to Regency by you and your organization (Alpha Development) from the total amount owed $38,286.00 to a reduced settlement amount of 33,000.00.* Per our meeting 3/13/07 we both arrived at this settlement before final closing on sale of property (expected to close on March 16, 2007, address 1811 7th Avenue North. Also, to reiterate our discussion, we disagreed over the amount due us (Regency Construction); however, to promote goodwill between us, we are prepared to settle matters regarding the final bill due now reflecting a reduced amount and also to allow you time to pay the remaining balance to allow other conflicts of interest to be resolved with remaining closing profits and re-invest to produce immediate funds to pay the remaining amount to Regency in an expedited manner. *Therefore, we both agreed to break up the settlement amount due of $33,000.00 (Thirty-Three Thousand Dollars) to an installment plan with a initial definite amount of $10,000.00 at the closing table wherever such property address closing takes place with payment issued immediately of $10,000.00 (Ten Thousand Dollars) payable to Regency Construction Ltd, Inc. . . . and the remaining amount due being 23,000 due[3] . . . no later than August 1, 2007.* (Emphasis added)

---

[3]The typed agreement originally read " due upon demand, no later than August 1, 2007"; however, the words "upon demand" were stricken through, which was initialed by both parties.

The settlement agreement was signed by Ms. Leslie in her individual capacity and on behalf of Alpha Development as its president. It was also executed by Regency Construction. The validity of the signatures and the authenticity of the settlement agreement are not disputed.

With neither a transcript of the evidence pursuant to Tenn. R. App. P. 24(b) nor a Statement of the Evidence pursuant to Tenn. R. App. P. 24(c), we have no basis upon which to question the propriety of the trial court's findings of fact. Moreover, with the clear and concise provisions of the settlement agreement above, it is evident that Ms. Leslie agreed that the amount owed was $33,000. Regency Construction acknowledges that Ms. Leslie paid $10,000 at closing as agreed upon and it is undisputed that Ms. Leslie has failed to pay the balance owing of $23,000. We, therefore, affirm the trial court.[4]

On appeal, Regency Construction asks this court to declare Ms. Leslie's appeal frivolous. Although we find her appeal perilously close to being frivolous, we decline to make such finding and deny the request.

### IN CONCLUSION

The judgment of the trial court is affirmed in all respects, and this matter is remanded with costs of appeal assessed against the appellant, Kathy Leslie.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[4]The trial court also awarded Ms. Leslie an offset of $5,220.55, which award we do not disturb. We also affirm the trial court's decision to make it an offset and not to require Regency to pay this amount to Ms. Leslie.